**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.** 1:23-cr-36 |
| **Plaintiff,** | : | |
| | : | **JUDGE** Barrett |
| **v.** | : | |
| | : | **I N D I C T M E N T** |
| **ZEPHANIAH JONES,** | : | |
| **NEHEMIAH JONES,** | : | **18 U.S.C. § 2** |
| **JERIN JOHNSON, SR.,** | : | **18 U.S.C. § 371** |
| **CEDRIC CONYERS,** | : | **18 U.S.C. § 922(a)(6)** |
| **ANEESAH WILLIAMS, and** | : | **18 U.S.C. § 1001(a)(2)** |
| **MYKIA MELTON,** | : | **18 U.S.C. § 1028A** |
| | : | **18 U.S.C. § 1029(a)(2)** |
| **Defendants.** | : | |
| | : | **FORFEITURE ALLEGATIONS** |
| | : | |

**THE GRAND JURY CHARGES**:

**Introduction**

1.       At times relevant to this Indictment:

a.       The following businesses were licensed dealers of firearms (also known as federal firearms licensees or "FFLs") within the meaning of Chapter 44, Title 18, United States Code:

    i.   American Trading LLC, at 3236 W. Galbraith Rd., Cincinnati, Ohio ("American Trading");

    ii.  North College Hill Gun Store LLC, at 1849 W. Galbraith Rd., Cincinnati, Ohio ("North College Hill Gun Store");

    iii. Right 2 Arms Firearms LLC, at 4879 Mercedes Dr., Liberty Township, Ohio ("Right 2 Arms Firearms"); and

    iv.  Target Holdings Inc. d/b/a Target World, at 2300 E. Kemper Rd., Cincinnati, Ohio ("Target World").

1

b.      Guns.com was an FFL based in Minnesota. Guns.com also provided an online marketplace where other FFLs could offer firearms for sale.

c.      Smoky Mountain Guns & Ammo was an FFL based in Tennessee.

2.      Federal law requires that a firearm purchase through an FFL occur in the purchaser's state of residence. Therefore, a firearm that an Ohio resident purchases from an out-of-state FFL must be transferred to an FFL in Ohio, where the sale can be finalized. Local FFLs typically charge a nominal fee for this service.

**COUNT 1**
**(Conspiracy to Commit an Offense Against the United States)**

**The Conspiracy**

3.      Paragraphs 1 and 2 of the Indictment are incorporated here.

4.      From in or about April 2022 through at least July 2022, in the Southern District of Ohio, the defendants, **ZEPHANIAH JONES, NEHEMIAH JONES, JERIN JOHNSON, SR., CEDRIC CONYERS, ANEESAH WILLIAMS,** and **MYKIA MELTON**, knowingly and intentionally conspired and agreed with each other, and with others known and unknown to the grand jury, to commit an offense against the United States, that is, to knowingly make a false oral and written statement to a licensed dealer of firearms, as that term is defined in Chapter 44, Title 18, United States Code, in connection with the acquisition and attempted acquisition of a firearm, which statement was intended and likely to deceive the said licensed dealer of firearms as to a fact material to the lawfulness of such sale of the said firearm to the defendants under Chapter 44, Title 18, United States Code, in violation of Title 18, United States Code, Section 922(a)(6).

**Manner and Means of the Conspiracy**

5.      The manner and means by which the defendants, **ZEPHANIAH JONES, NEHEMIAH JONES, JERIN JOHNSON, SR., CEDRIC CONYERS, ANEESAH**

2

**WILLIAMS**, and **MYKIA MELTON**, and others known and unknown to the grand jury, sought to accomplish the objectives of the conspiracy included the following:

        a.      It was part of the conspiracy that a member of the conspiracy would purchase a firearm or firearms online, from an FFL. Commonly, members of the conspiracy would purchase the firearms using another individual's credit card information, without that individual's authorization.

        b.      It was further part of the conspiracy that, when a member of the conspiracy purchased a firearm or firearms online, that member would do so in the name of another member of the conspiracy, for delivery to an FFL in the Cincinnati area.

        c.      It was further part of the conspiracy that a member of the conspiracy would complete the transfer of the firearm(s) at a Cincinnati-area FFL.

        d.      It was further part of the conspiracy that, in completing the transfer of a firearm or firearms, a member of the conspiracy would submit a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 (Firearms Transaction Record) falsely stating that he or she was the actual buyer of the firearm(s), when in fact he or she was purchasing the firearm(s) for another member of the conspiracy.

6.      As a result of the conspiracy, members of the conspiracy succeeded in having at least approximately sixty firearms shipped to the Southern District of Ohio and succeeded in obtaining at least approximately thirty-eight firearms.

**Overt Acts**

7.      In furtherance of the conspiracy, and to effect the object thereof, the conspirators performed and caused to be performed the following overt acts, among others:

        a.      On or about May 15, 2022, **ZEPHANIAH JONES** placed two online orders with Smoky Mountain Guns & Ammo, in the name of **ANEESAH WILLIAMS**, for a total

3

of four Glock pistols and two FN pistols. These orders were for delivery to North College Hill Gun Store.

      b.      On or about May 20, 2022, **ANEESAH WILLIAMS** went to North College Hill Gun Store and completed the transfer of the four Glock pistols and two FN pistols.

      c.      On or about May 20, 2022, **ANEESAH WILLIAMS** submitted an ATF Form 4473 at North College Hill Gun Store on which she falsely represented that she was the actual transferee/buyer of the four Glock pistols and the two FN pistols.

      d.      On or about May 22, 2022, **ZEPHANIAH JONES** ordered a Romarm/Cugir Micro Draco from Guns.com, in the name of **ANEESAH WILLIAMS**, for delivery to American Trading.

      e.      On or about May 25, 2022, **ANEESAH WILLIAMS** went to American Trading and completed the transfer of the Romarm/Cugir Micro Draco.

      f.      On or about May 25, 2022, **ANEESAH WILLIAMS** submitted an ATF Form 4473 at American Trading on which she falsely represented that she was the actual transferee/buyer of the Romarm/Cugir Micro Draco.

      g.      On or about May 25, 2022, **NEHEMIAH JONES** ordered a Century Arms Micro Draco AK-style pistol from Guns.com, in the name of **MYKIA MELTON**, for delivery to Target World.

      h.      On or about May 25, 2022, **NEHEMIAH JONES** ordered an FN Five-Seven Pistol, in the name of **MYKIA MELTON**, for delivery to Target World.

      i.      On or about May 26, 2022, **NEHEMIAH JONES** ordered three Glock G19 Gen 5 pistols on Guns.com, in the name of **MYKIA MELTON**, for delivery to Target World.

j.      On or about May 27, 2022, **MYKIA MELTON** went to Target World and attempted to complete the transfer of the FN Five-Seven pistol and the Century Arms Micro Draco pistol that had been ordered in her name.

k.      On or about May 27, 2022, **MYKIA MELTON** submitted an ATF Form 4473 at Target World on which she falsely represented that she was the actual transferee/buyer of the FN Five Seven pistol and the Century Arms Micro Draco pistol.

l.      On or about May 31, 2022, **MYKIA MELTON** went to American Trading and attempted to complete the transfer of two Glock 19 pistols that had been ordered in her name.

m.      On or about May 31, 2022, **MYKIA MELTON** submitted an ATF Form 4473 at American Trading on which she falsely represented that she was the actual transferee/buyer of the two Glock 19 pistols.

n.      On or about June 1, 2022, **ANEESAH WILLIAMS** went to American Trading LLC and attempted to complete the transfer of a Glock pistol that had been ordered in her name.

o.      On or about June 1, 2022, **ANEESAH WILLIAMS** went to North College Hill Gun Store and completed the transfer of a Sig PMCX pistol that had been ordered in her name.

p.      On or about June 1, 2022, **ANEESAH WILLIAMS** submitted an ATF Form 4473 at North College Hill Gun Store on which she falsely represented that she was the actual transferee/buyer of the Sig PMCX pistol.

q.      On or about June 19, 2022, **ZEPHANIAH JONES** drove **ANEESAH WILLIAMS** to Target World.

r.      On or about June 19, 2022, **ANEESAH WILLIAMS**, went to Target World and attempted to complete the transfer of an FN Five-Seven pistol and an FN 509 pistol that had been ordered in her name.

5

s.     On or about June 23, 2022, **ZEPHANIAH JONES** sent **JERIN JOHNSON, SR.** the phone number for Right 2 Arms Firearms, instructing **JERIN JOHNSON, SR.** to "[c]all that number & ask if your transfer ready for pick up" and specifying that the order was for "2 Glock 19x."

t.     On or about June 24, 2022, **ZEPHANIAH JONES** wrote to **JERIN JOHNSON, SR.**, by text, that **JERIN JOHNSON, SR.** should "[m]ake sure you put the address on yo id" on the paperwork to pick up the firearms.

u.     On or about June 24, 2022, **JERIN JOHNSON, SR.** completed the transfer of two Glock 19x 9mm pistols at Right 2 Arm Firearms.

v.     On or about June 24, 2022, **JERIN JOHNSON, SR.** submitted an ATF Form 4473 at Right 2 Arm Firearms on which he falsely represented that he was the actual transferee/buyer of the two Glock 19x 9mm pistols.

w.     On or about June 27, 2022, **ZEPHANIAH JONES** sent **JERIN JOHNSON, SR.**, via text message, a screenshot showing that one part of a two-part shipment was on its way to "NORTH COLLEGE HILL, OH."

x.     On or about June 27, 2022, **JERIN JOHNSON, SR.** asked if the firearms were at "the one on Galbraith," and **ZEPHANIAH JONES** clarified, "Nah NCH," referring to North College Hill Gun Store.

y.     On or about June 28, 2022, **ZEPHANIAH JONES** sent **JERIN JOHNSON, SR.**, via text message, two screenshots. The first showed that an ATAC Defense Enhanced Pistol, which cost $1,796.59, had been shipped via UPS. The second showed that another ATAC Defense Enhanced Pistol, which cost $1,847.34, had also been shipped via UPS. **JERIN JOHNSON, SR.** responded that his ride was "on the way now."

6

z. On or about June 28, 2022, **JERIN JOHNSON, SR.** completed the transfer of two ATAC Defense pistols at North College Hill Gun Store.

aa. On or about June 28, 2022, **JERIN JOHNSON, SR.** submitted an ATF Form 4473 at North College Hill Gun Store on which he falsely represented that he was the actual transferee/buyer of the two ATAC Defense pistols.

bb. On or about July 6, 2022, **ZEPHANIAH JONES** sent **JERIN JOHNSON, SR.**, via text message, a screenshot of an email relating to an online order in the name of "Jerin Johnson sr" for an FM-9 Mini-5 Build Package valued at $1,399.00 and a Glock 19x valued at $699.00.

cc. On or about July 6, 2022, **JERIN JOHNSON, SR.** asked **ZEPHANIAH JONES** "what store" he should go to, and **ZEPHANIAH JONES** responded that it was "target world."

dd. On or about July 6, 2022, **JERIN JOHNSON, SR.** completed the transfer of an F.M. Products FMP9 pistol and a Glock 19x pistol at Target World.

ee. On or about July 6, 2022, **JERIN JOHNSON, SR.** submitted an ATF Form 4473 at Target World on which he falsely represented that he was the actual transferee/buyer of the F.M. Products FMP9 pistol and the Glock 19x pistol.

ff. On or about July 8, 2022, **JERIN JOHNSON, SR.** asked **ZEPHANIAH JONES,** via text message, how many firearms he should pick up, and **ZEPHANIAH JONES** responded, "4."

gg. On or about July 8, 2022, **JERIN JOHNSON, SR.** completed the transfer of three ATAC Defense ADEP pistols and one ATAC Defense ADBP pistol at North College Hill Gun Store.

7

hh. On or about July 8, 2022, **JERIN JOHNSON, SR.** submitted an ATF Form 4473 at North College Hill Gun Store on which he falsely represented that he was the actual transferee/buyer of the ATAC Defense pistols.

ii. On or about July 8, 2022, **JERIN JOHNSON, SR.** asked **ZEPHANIAH JONES**, via text message, "How many u tryin get I got trust worthy mfs on same Shit as me i just ain't kno if u a fuck around or not that's why i asked." **ZEPHANIAH JONES** responded, "Call me."

jj. On or about July 9, 2022, **JERIN JOHNSON, SR.** sent **ZEPHANIAH JONES** contact information for **CEDRIC CONYERS.**

kk. On or about July 15, 2022, **JERIN JOHNSON, SR.** texted **CEDRIC CONYERS**, "U got goin on fool u talk to bra today or going get them joints?"

ll. On or about July 18, 2022, **CEDRIC CONYERS** attempted to complete the transfer of an ATAC Defense ADEP pistol and two FN Herstel Five-Seven pistols at Target World.

mm. On or about July 18, 2022, **CEDRIC CONYERS** submitted an ATF Form 4473 at Target World on which he falsely represented that he was the actual transferee/buyer of the pistols he was attempting to pick up.

nn. On or about July 18, 2022, **JERIN JOHNSON, SR.** attempted to complete the transfer of an FN Herstel Five-Seven Pistol and an FN 509 pistol at Target World.

oo. On or about July 18, 2022, **JERIN JOHNSON, SR.** submitted an ATF Form 4473 at Target World on which he falsely represented that he was the actual transferee/buyer of the pistols he was attempting to pick up.

**In violation of Title 18, United States Code, Section 371.**

<u>COUNTS 2-12</u>
**(False Statement During Purchase of Firearm)**

8.      Paragraphs 1 and 2 of the Indictment are incorporated here.

9.      On or about the following dates, in the Southern District of Ohio, the defendants listed below, in connection with the acquisition of a firearm from the federal firearms licensee listed below, knowingly made a false and fictitious written statement to the said federal firearms licensee as to a fact material to the lawfulness of such sale of the said firearm to the defendants under Chapter 44 of Title 18, United States Code, in that the defendants did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that that individual listed below was the actual transferee/buyer of the firearm listed on the Form 4473, when in fact, as the defendants then knew, the individual listed below was not the actual transferee/buyer of the firearm:

| Count | Date, on or about | Firearm(s) | Defendants | Person Falsely Represented to be Actual Transferee/Buyer | Federal Firearms Licensee |
|---|---|---|---|---|---|
| 2 | 5/20/22 | Three Glock 19 Gen5 pistols bearing serial numbers BWGK195, BWZH972, and BWYP615, respectively; a Glock 43x pistol bearing serial number BWUF208; and two FN 509 Tactical pistols bearing serial numbers GKS0281606 and GKS0222131, respectively. | ZEPHANIAH JONES, ANEESAH WILLIAMS | ANEESAH WILLIAMS | North College Hill Gun Store |
| 3 | 5/25/22 | A Romarm/Cugir Micro Draco bearing serial number ROA 22PMD-30370. | ZEPHANIAH JONES, ANEESAH WILLIAMS | ANEESAH WILLIAMS | American Trading |
| 4 | 5/27/22 | An FN Five-Seven pistol bearing serial number 386425977 and a Century Arms Micro Draco pistol | NEHEMIAH JONES, MYKIA MELTON | MYKIA MELTON | Target World |

| | | bearing serial number 22PMD-30441. | | | |
|---|---|---|---|---|---|
| 5 | 5/31/22 | Two Glock 19 pistols bearing serial numbers AGHW481 and AFCG434, respectively. | NEHEMIAH JONES, MYKIA MELTON | MYKIA MELTON | American Trading |
| 6 | 6/1/22 | A Sig PMCX pistol bearing serial number 63J000555. | ZEPHANIAH JONES, ANEESAH WILLIAMS | ANEESAH WILLIAMS | North College Hill Gun Store |
| 7 | 6/24/22 | Two Glock 19x 9mm pistols bearing serial numbers BWZW875 and BWZW872, respectively. | ZEPHANIAH JONES, JERIN JOHNSON, SR. | JERIN JOHNSON, SR. | Right 2 Arm Firearms |
| 8 | 6/28/22 | Two ATAC Defense ADEP pistols bearing serial numbers 00202 and 00189, respectively. | ZEPHANIAH JONES, JERIN JOHNSON, SR. | JERIN JOHNSON, SR. | North College Hill Gun Store |
| 9 | 7/6/22 | An F.M. Products FMP9 pistol bearing serial number 9-14346 and a Glock 19x pistol bearing serial number BWZT358. | ZEPHANIAH JONES, JERIN JOHNSON, SR. | JERIN JOHNSON, SR. | Target World |
| 10 | 7/8/22 | Three ATAC Defense ADEP pistols bearing serial numbers 00210, 00220, 00170, respectively; and one ATAC Defense ADBP pistol bearing serial number BP00296. | ZEPHANIAH JONES, JERIN JOHNSON, SR. | JERIN JOHNSON, SR. | North College Hill Gun Store |
| 11 | 7/18/22 | An FN Herstal Five-Seven bearing serial number 386430597 and an FN 509 bearing serial number GKS0275689. | ZEPHANIAH JONES, JERIN JOHNSON, SR. | JERIN JOHNSON, SR. | Target World |
| 12 | 7/18/22 | An ATAC Defense ADEP pistol bearing serial number 00196, an FN Herstel Five-Seven pistol bearing serial number 386431100, and an FN Herstel Five-Seven pistol bearing serial number 386424651. | ZEPHANIAH JONES, CEDRIC CONYERS | CEDRIC CONYERS | Target World |

**In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.**

## COUNTS 13-15
### (Using an Unauthorized Access Device)

10.     On or about the following dates, in the Southern District of Ohio, the defendant,

**ZEPHANIAH JONES**, knowingly and with intent to defraud, used an unauthorized access

device, to wit: the credit card account numbers listed below, and by such conduct obtained items

with an aggregate value of more than $1,000, said use affecting interstate and foreign commerce,

in that the defendant, **ZEPHANIAH JONES**, purchased firearms online from an FFL located

outside the State of Ohio and caused the said firearms to be delivered to an FFL in the Southern

District of Ohio:

| Count | Date, on or about | Unauthorized Access Device Used | Approximate value of items obtained, in aggregate |
|-------|-------------------|--------------------------------|---------------------------------------------------|
| 13 | 6/22/22 | Credit card account number of R.D. | $3,588.00 |
| 14 | 7/2/22 | Credit card account number of C.F. | $4,967.00 |
| 15 | 7/5/22 | Credit card account number of R.D. | $6,726.00 |

**In violation of 18 U.S.C. §§ 1029(a)(2) and 2.**

## COUNTS 16-18
### (Aggravated Identity Theft)

11.     On or about the following dates, in the Southern District of Ohio, the defendant,

**ZEPHANIAH JONES**, did knowingly possess and use, without lawful authority, a means of

identification of another person during and in relation to a felony violation enumerated in

18 U.S.C. § 1028A(c), to wit: Using an Unauthorized Access Device, in violation of 18 U.S.C.

§ 1029(a)(2), knowing that the means of identification belonged to another actual person, as

specifically identified below:

| Count | Date, on or about | Initials of Actual Person | Means of Identification Possessed and Used |
|-------|-------------------|---------------------------|--------------------------------------------|
| 16 | 6/22/22 | R.D. | Credit card account number |

| Count | Date, on or about | Initials of Actual Person | Means of Identification Possessed and Used |
|-------|-------------------|---------------------------|--------------------------------------------|
| 17 | 7/2/22 | C.F. | Credit card account number |
| 18 | 7/5/22 | R.D. | Credit card account number |

**In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.**

## COUNT 19
**(False Statement or Representation to an Agency of the United States)**

12.      On or about April 15, 2021, in the Southern District of Ohio and elsewhere, the defendant,

**ZEPHANIAH JONES**, did willfully and knowingly make a materially false, fictitious, and

fraudulent statement and representation in a matter within the jurisdiction of the executive branch

of the government of the United States by falsely stating in a Small Business Administration (SBA)

Payment Protection Program (PPP) loan application, in sum and substance, that he was the sole

proprietor of Jones Lawncare LLC; that Jones Lawncare LLC was in operation on February 15,

2020; that Jones Lawncare LLC had $99,091 in gross income in 2020; and that the information

provided in the application for a PPP loan and in all supporting documents and forms was true and

accurate in all material respects. These statements and representations were false, because as the

defendant, **ZEPHANIAH JONES**, then and there knew, he was not the sole proprietor of Jones

Lawncare LLC; Jones Lawncare LLC was not in operation on February 15, 2020; Jones Lawncare

LLC did not have $99,091 in gross income in 2020; and the information provided in the application

for a PPP loan and in all supporting documents and forms was not true and accurate in all material

respects. These statements and representations were also material in that the false statements to the

SBA caused the SBA to approve the issuance of a $20,643 PPP loan to **ZEPHANIAH JONES**.

**In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.**

## COUNT 20
### (False Statement or Representation to an Agency of the United States)

13.    On or about April 7, 2021, in the Southern District of Ohio and elsewhere, the defendant, **NEHEMIAH JONES**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States by falsely stating in a Small Business Administration (SBA) Payment Protection Program (PPP) loan application, in sum and substance, that he was the sole proprietor of "massage on air"; that "massage on air" was in operation on February 15, 2020; that "massage on air" had $98,087 in gross income in 2020; and that the information provided in the application for a PPP loan and in all supporting documents and forms was true and accurate in all material respects. These statements and representations were false, because as the defendant, **NEHEMIAH JONES**, then and there knew, he was not the sole proprietor of "massage on air"; "massage on air" was not in operation on February 15, 2020; "massage on air" did not have $98,087 in gross income in 2020; and the information provided in the application for a PPP loan and in all supporting documents and forms was not true and accurate in all material respects. These statements and representations were also material in that the false statements to the SBA caused the SBA to approve the issuance of a $20,434 PPP loan to **NEHEMIAH JONES**.

**In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.**

## COUNT 21
### (False Statement or Representation to an Agency of the United States)

14.    On or about April 10, 2021, in the Southern District of Ohio and elsewhere, the defendant, **NEHEMIAH JONES**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States by falsely stating in a Small Business

Administration (SBA) Payment Protection Program (PPP) loan application, in sum and substance, that he was the sole proprietor of "massage on air"; that "massage on air" was in operation on February 15, 2020; that "massage on air" had $98,087 in gross income in 2020; and that the information provided in the application for a PPP loan and in all supporting documents and forms was true and accurate in all material respects. These statements and representations were false, because as the defendant, **NEHEMIAH JONES**, then and there knew, he was not the sole proprietor of "massage on air"; "massage on air" was not in operation on February 15, 2020; "massage on air" did not have $98,087 in gross income in 2020; and the information provided in the application for a PPP loan and in all supporting documents and forms was not true and accurate in all material respects. These statements and representations were also material in that the false statements to the SBA caused the SBA to approve the issuance of a second $20,434 PPP loan to **NEHEMIAH JONES**.

        **In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.**

## COUNT 22
**(False Statement or Representation to an Agency of the United States)**

15.     On or about April 3, 2021, in the Southern District of Ohio and elsewhere, the defendant, **MYKIA MELTON**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States by falsely stating in a Small Business Administration (SBA) Payment Protection Program (PPP) loan application, in sum and substance, that she was the owner of a clothing and accessories wholesaler called "Kia's Drip;" that "Kia's Drip" was in operation on February 15, 2020; that "Kia's Drip" had approximately $100,000 in gross income in 2020; and that the information provided in the application for a PPP loan and in all supporting documents and forms was true and accurate in all material respects. These

14

statements and representations were false, because as the defendant, **MYKIA MELTON**, then and there knew, she was not the owner of a clothing and accessories wholesaler called "Kia's Drip;" "Kia's Drip" was not in operation on February 15, 2020; "Kia's Drip" did not have approximately $100,000 in gross income in 2020; and the information provided in the application for a PPP loan and in all supporting documents and forms was not true and accurate in all material respects. These statements and representations were also material in that the false statements to the SBA caused the SBA to approve the issuance of a $20,832 PPP loan to **MYKIA MELTON**.

 **In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.**

## COUNT 23
### (False Statement or Representation to an Agency of the United States)

 16. On or about April 12, 2021, in the Southern District of Ohio and elsewhere, the defendant, **JERIN JOHNSON, SR.**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States by falsely stating in a Small Business Administration (SBA) Payment Protection Program (PPP) loan application, in sum and substance, that he was the sole proprietor of a handyman and contracting business; that the said handyman and contracting business was in operation on February 15, 2020; that the said handyman and contracting business had $97,857 in gross income in 2020; and that the information provided in the application for a PPP loan and in all supporting documents and forms was true and accurate in all material respects. These statements and representations were false, because as the defendant, **JERIN JOHNSON, SR.**, then and there knew, he was not the sole proprietor of a handyman and contracting business; the said handyman and contracting business was not in operation on February 15, 2020; the said handyman and contracting business did not have $97,857 in gross income in 2020; and the information provided in the application for a PPP loan and in all supporting

documents and forms was not true and accurate in all material respects. These statements and representations were also material in that the false statements to the SBA caused the SBA to approve the issuance of a $20,385 PPP loan to **JERIN JOHNSON, SR.**

**In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.**

### FORFEITURE ALLEGATION 1

Upon conviction of any offense set forth in Counts 1 through 12 of this Indictment, the defendants, **ZEPHANIAH JONES**, **NEHEMIAH JONES**, **JERIN JOHNSON, SR.**, **CEDRIC CONYERS**, **ANEESAH WILLIAMS**, and **MYKIA MELTON**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of such violation(s).

### FORFEITURE ALLEGATION 2

Upon conviction of any offense set forth in Counts 13 through 15 of this Indictment, the defendant, **ZEPHANIAH JONES**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation(s); and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense(s) including, but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of the offense(s).

### SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), 18 U.S.C. § 1029(c)(2), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

**A TRUE BILL.**

/S/
_____
**GRAND JURY FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

**JULIE D. GARCIA**
**ASSISTANT UNITED STATES ATTORNEY**

17