# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 1:23-cr-36 |
| | : | |
| Plaintiff, | : | Judge Barrett |
| | : | |
| vs. | : | **SENTENCING MEMORANDUM** |
| | : | **OF NEHEMIAH JONES** |
| **NEHEMIAH JONES** | : | |
| | : | |
| Defendant. | : | |

Through counsel Defendant Nehemiah Jones submits this memorandum in support of his argument the Court should impose a sentence less severe than the sentence recommended by the Probation Department in the Pre-Sentence Report.  The recommended sentence is greater than necessary to comply with the purposes of 18 U.S.C. §3553(a).  This Court should exercise it's discretion under *Gall v. United States*[1] and *Kimbrough v. United States*[2], and impose a less severe sentence.

The Sentence This Court Should Impose

This Court should impose a sentence of 36 months in the Bureau of Prisons followed by one year of supervised release, as well as a restitution order of $40,868.00.

Booker, Gall, and Kimbrough

As this Court is aware, the United States Supreme Court declared mandatory application of the sentencing guidelines unconstitutional.[3] The federal sentencing statute, as modified by *Booker*, requires a court to give respectful consideration to the Guidelines, but "permits the Court

---

[1] 522 U.S. 38, 128 S.Ct. 586 (2007).
[2] 522 U.S. 85, 128 S.Ct. 558 (2007).
[3] *United States v. Booker*, 543 U.S.220, 125 S.Ct. 738 (2005).

to tailor the sentence in light of other §3553(a) concerns as well."[4]

According to *Gall*, the District Court should begin its sentencing decision by correctly calculating the applicable Guidelines range.[5] But while the Guidelines are the starting point and initial benchmark, they are not the only consideration. After permitting both parties to argue for a particular sentence, the judge should then consider all of §3553(a)'s factors to determine whether they support either party's proposal.[6]

*Gall* establishes the process the District Court should go through, the discretion afforded to the sentencing decision, and the standard of review and considerations of the appellate court. *Kinbrough* holds a District Court does not abuse its discretion when it bases a below the Guidelines sentence on disparities caused by the Guidelines themselves. The essence of *Kimbrough* is a district court's decision a particular sentence is "sufficient, but not greater than necessary" is entitled to great weight, even if this judgment is based on the court's disagreement with the policies behind the applicable guidelines.

The ultimate question in *Kimbrough's* case is "whether the sentence was reasonable -- *i.e.*, whether the District Judge abused his discretion in determining the §3553(a) factors supported a sentence of 180 months, and justified a substantial deviation from the Guidelines range." "In affirming the sentence imposed, the *Kimbrough* court observed the District Court:

•     Began by properly calculating and considering the advisory Guidelines range,

•     Then addressed the relevant §3553(a) factors, and

---

[4] *Booker*, 543 U.S., at 245-246, 125 S. Ct. 738.
[5] *Gall*, at 596.
[6] *Gall*, at 596-97.

2

- Appropriately framed its final determination in line with §3553(a)'s overarching instruction to "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in §3553(a)(2).

To satisfy the overarching mandate of imposing a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing, the District Court must consider the factors in §3553(a) . These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the appropriate advisory guideline range;

(5) any other pertinent policy statement issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.[7]

Application of these factors demonstrate a sentence of 36 months in prison followed by one year of supervised release along with restitution satisfies the requirement of a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. §3553(a)(2).

## Calculation of the Advisory Guideline Range

The probation department calculated a total offense level of 22. PSR ¶87. Nehemiah as *zero* criminal history points resulting in a criminal history category of I. PSR ¶92. This produces

---

[7] 18 U.S.C. §3553(a).

a Zone D, advisory guideline range of 41-51 months. PSR ¶114.

## U.S.S.G. §5H1.6. - Family Ties and Responsibilities

Nehemiah assists Hellena Jones, his grandmother with necessary task. PSR ¶104.  Ms. Jones has communication problems Nehemiah helps with. PSR ¶104.  Ms. Jones explained she will struggle without Nehemiah's his help. PSR ¶104. Ordinarily family ties and responsibilities are not relevant in determining whether a departure may be warranted. U.S.S.G §5H1.6.  But Application Note 1(A) and 1(B) to U.S.S.G §5H1.6 provides criteria for the Court to consider in determining if loss of caretaking supports a departure.   While the facts may not meet the criteria outlined in the the Application notes sufficient to support a downward departure, the facts are sufficient to support a downward variance by the Court.

## Consideration of §3553(a) Factors

## The History and Characteristics of Melissa

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Koon v. United States,* 518 U.S. 81, 113, 116 S. Ct. 2035 (1996).

Being human is a basic fact often overlooked in the calculus of federal sentencing. Nehemiah is a 25 years old, never married and has no children, but does have three half siblings. PSR ¶97, 104.  Nehemiah si described as a caring person by his grandmother. PSR ¶104.

When Nehemiah was 10 years old his dad was murdered.  PSR ¶98.  His dad's killer received a 10 year prison sentence for the murder. PSR ¶98.  Following his dad's murder, Nehemiah had several step-fathers over the next 7 years. PSR ¶99. The step-dad he had the

4

longest relationship with died when Nehemiah was 17. PSR ¶99. Nehemiah's family has always had a turbulent and dysfunctional relationship. PSR ¶102.  While his brothers and grandmother are supportive of Nehemiah during this case, Nehemiah's mother, however, is not. PSR ¶102. Nehemiah's younger brother and co-defendant Zephaniah, is Nehemiah's best friend. PSR ¶103. Nehemiah has struggled since his brother began serving his sentence in this case. PSR ¶103.

Although Zephaniah is younger than Nehemiah, despite the Government's argument in it's Sentencing Memo (Doc. 153), Zephaniah "took part in a substantially larger portion of the instant offense" than Nehemiah. PSR ¶101.

Nehemiah is unsure whether his dad's murder when Nehemiah was 10 has had an impact on his mental health, but Nehemiah has struggled with feelings of stress and depression since he was about 12. PSR ¶138.  He has never attended any counseling.  Nehemiah's ability to process his dad's death were hampered by a lack of a family member he was comfortable confiding in. PSR ¶138.  The turbulent and dysfunctional family relationships and the related on-going drama certainly contributed to Nehemiah's mental health issues. PSR ¶102, 106.

Nehemiah focuses on his boxing career as a way to process the stress he feels and to build his self-esteem. PSR ¶100.  Nehemiah uses boxing as a means to keep him off the streets. PSR ¶100.  His boxing coach who is a father figure for Nehemiah posted Nehemiah's bond when he was arrested on the state assault charge in November, 2024. PSR ¶100.  The Hamilton County Clerk of Court's website shows the Assault charge in 24/CRB/19172 was dismissed January 17, 2025.

Nature and Circumstances of the Offense

Nehemiah agrees with the description of the offense conduct. PSR ¶32-51. Nehemiah has

acknowledged and accepted responsibility for his criminal conduct. PSR ¶55.

Both offenses are serious, federal, felonies. The conduct of both offenses is accounted for by the sentencing guidelines. The Government does not identify any facts beyond the basic facts of the offense, already considered by the guideline calcaultion, to support a request for an above the guideline sentence. The Government characterizes Nehemiah's culpability as close to the leaders, including his brother Zephania. Doc. 153, p. 8. But Nehemiah's role was already considered by the guidelines. PSR ¶68.

The Government's argument is not supported by the facts and PSR. Zephaniah "took part in a substantially larger portion of the instant offense" than Nehemiah. PSR ¶101. In terms of relative culpability Nehemiah is not nearly as culpable has Zehphania.

The Government argues an above the guideline sentence is necessary because the nature and circumstances of the offense weigh in favor of a significant prison sentence. Doc. 153, p. 5. "Jones' use of this stolen credit card information was a serious offense that merits serious punishments." Doc. 153, p. 5. Jones' conduct reflects a pattern of deceitful conduct and disrespect for the law warranting a significant sentence. Doc. 153, p. 6. While all of this is true, 36 months in federal prison for a 25 year old with no criminal history *is* a very significant sentence.

But legally, more important, 36 months in prison followed by one year of supervised release satisfies the requirement of a sentence sufficient, not greater than necessary, to comply with the purposes of 18 U.S.C. §3553(a)(2).

Conclusion

In light of Nehemiah's background, the nature of the offense, and the factors in §3553, a

sentence of 36 months in the Bureau of Prision, followed by a year of supervised release as well a restitution order of $40,868.00, satisfies the requirement of a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. §3553(a)(2).

Respectfully submitted,

*S/ Ravert J. Clark*
Ravert J. Clark
Reg. No. 042027
Attorney for Nehemiah Jones
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 587-2887
Fax: (513) 621-2525
notguilty14@aol.com

## Certificate of Service

I certify this Sentencing Memorandum was served on all parties by electronic filing via the ecf/pacer system on April 27, 2025.

*Ravert J. Clark*
Ravert J. Clark
Attorney for Nehemiah Jones

7