# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:23-CR-036(5) |
| Plaintiff, | : | JUDGE BARRETT |
| v. | : | |
| ANEESAH WILLIAMS, | : | **UNITED STATES' SENTENCING MEMORANDUM** |
| Defendant. | : | |

## INTRODUCTION

Aneesah Williams agreed to buy firearms for her cousin Zephaniah Jones. She succeeded in buying eight and tried to get two more, and her crimes helped put dangerous weapons in the hands of people who should not have had them.

Williams's guidelines range is 18-24 months, and normally the government would recommend a term of imprisonment to reflect the seriousness of making straw purchases. However, Williams's history and characteristics, and the need to provide appropriate medical treatment, weigh against a sentence of imprisonment in this case. For the reasons given below, the government respectfully requests that the Court impose a term of five years' probation, with a year of that term being subject to a condition of Home Incarceration, and with the entire period being subject to other conditions described below. The government also requests that Williams be ordered to pay full restitution and a $100 special assessment.

## BACKGROUND

In May 2022, Aneesah Williams agreed with her cousin Zephaniah Jones that she would pick up firearms at gun stores and give them to Jones.

On May 15, 2022, Jones placed two online orders in Williams's name, for a total of six firearms. The first order was for three Glock pistols; the second was for one Glock pistol and two FN pistols.

On May 20, 2022, Williams picked up the firearms at North College Hill Gun Store, a federal firearms licensee (FFL). On the ATF Form 4473, a required form when buying a firearm from an FFL, Williams falsely affirmed that she was the true purchaser of the firearms, when in fact she was picking them up for Jones.

In furtherance of her agreement with Jones, Williams did the same thing, or attempted to do so, four other times. Specifically:

- On May 25, 2022, Williams completed the transfer of a Romarm/Cugir Micro Draco pistol at FFL American Trading.

- On June 1, 2022, Williams attempted to complete the transfer of a Glock pistol at FFL American Trading.

- On June 1, 2022, Williams completed the transfer of a Sig PMCX pistol at FFL North College Hill Gun Store.

- On June 19, 2022, Williams attempted to complete the transfer of an FN Five-Seven pistol and an FN 509 pistol at FFL Target World.

At each FFL, Williams falsely represented that she was the true purchaser of the firearms, when in fact each time she was picking up at least one of the firearms for Jones.

## APPLICABLE LAW

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (internal quotations omitted). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Then, "the district court must weigh and apply the range of factors outlined in 18 U.S.C. § 3553(a)." *Id.* at 49-50. These include (1) the nature and circumstances of the

offense and the history and characteristics of the defendant and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). The Court should impose a sentence sufficient but not greater than necessary to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## ARGUMENT

**A. The government agrees with the Guidelines calculation and statutory requirements set out in the Presentence Report.**

The government agrees with the Guidelines calculations in the Final Presentence Report, which result in a Guidelines range of 18-24 months.

The statutory maximum term of imprisonment is ten years, and the maximum term of probation is five years. Restitution to Guns.com and Smoky Mountain Guns & Ammo is mandatory, as is a special assessment of $100.

**B. The government respectfully submits that a consideration of the § 3553(a) factors shows that a sentence of five years' probation, subject to one year of home incarceration and other conditions, is appropriate here.**

The nature and circumstances of this offense are serious: By bypassing the federal law requiring firearms purchasers to provide truthful information on ATF Form 4473, Williams helped eight firearms get into the hands of people who should not have had them. Although she may not have known exactly what Zephaniah Jones intended to do with the firearms, the sheer number of firearms she picked up for him (and attempted to pick up), and the fact that he did not want to order the firearms in his name, should have been clues that he was not keeping them for

3

his personal use. The fact that Williams obtained eight firearms, and that she did so via several purchases (and several false statements), weighs in favor of a custodial sentence to reflect the seriousness of the offense, to promote respect for the law, and to afford just punishment for her actions.

Deterrence is also an important consideration in this case, as straw purchasing has become a serious problem in Cincinnati. In this case alone, Zephaniah Jones was able to obtain more than 40 firearms via straw purchases—and his is just one of many such cases investigated by ATF in recent years. Firearms bought in straw purchases are often used in crimes within days or weeks of leaving the store. It is therefore important for the sentence in this case to send a message of general deterrence to the public, making clear that straw purchasing is a felony, and a serious one.

Nevertheless, the § 3553(a) factors also require consideration of the history and characteristics of the defendant and the need to provide the defendant with medical care or other correctional treatment in the most effective manner. In this case, these considerations present significant mitigating circumstances. Because the defense has filed their sentencing memorandum under seal, and because of the very personal nature of the information provided in the sentencing memorandum and its attachment, the government will not rehash the relevant considerations here. However, for reasons on which the government will elaborate at the sentencing hearing, the government believes the information provided in the PSR, in the defendant's sentencing memorandum, and in the attachment to the sentencing memorandum weigh against the imposition of a term of incarceration in this case.

For those reasons, the government respectfully requests that the Court impose a five-year term of probation. However, because Williams made several straw purchases and obtained eight

firearms, the government does respectfully request that the first year of that probation be subject to Home Incarceration, with Williams being permitted to leave her residence only for medical appointments, court hearings, and for other reasons approved in advance by the Probation Officer. The government requests this condition because of the need to reflect the seriousness of the offense and send a message of general deterrence; some degree of restriction on Williams's liberty, although not a term of incarceration, is necessary to meet these important goals of sentencing.

In addition to a one-year term of Home Incarceration, the government respectfully requests that any term of probation be subject to all mandatory conditions, plus the conditions that the defendant maintain employment and attend mental-health counseling as directed by the Probation Officer.

Finally, the government requests that the Court order Williams to pay full restitution to the victims ($7,790 to Guns.com and $850 to Smoky Mountain Guns & Ammo), to be paid jointly and severally with Zephaniah Jones. The government also requests that Williams be ordered to pay a mandatory $100 special assessment.

## **CONCLUSION**

For the reasons given above, the government respectfully requests that the Court sentence Aneesah Williams to five years' probation, subject to the conditions described above and any others requested by the Probation Officer, and that she be ordered to pay full restitution and a

$100 special assessment.

        Respectfully submitted,

        KELLY A. NORRIS
        ACTING UNITED STATES ATTORNEY

        */s/Julie D. Garcia*
        JULIE D. GARCIA (CA 288624)
        Assistant United States Attorneys
        United States Attorney's Office
        221 E. Fourth St. Suite 400
        Cincinnati, OH 45202
        513-684-3711
        Julie.Garcia@usdoj.gov